# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

RAY ENSEY *et al.*                                                                                    PLAINTIFFS

v.                                                                        CIVIL ACTION NO. 3:10CV-147-H

HIGHLANDS NURSING AND REHAB *et al.*                                                      DEFENDANTS

## MEMORANDUM OPINION

Plaintiffs Ray Ensey, Elizabeth Rivard, and Howard Thompson filed a *pro se* civil complaint on a Court-approved form against Defendants Highlands Nursing and Rehab and Administrator Ben Bays. As grounds for filing this action in federal court, they allege "wrongful termination - using random excuses to terminate plaintiffs."

According to the complaint, on July 2nd, Plaintiff Thompson was terminated for sexual harassment, which was amended to a hostile work environment. Plaintiff Thompson was suspended for three weeks without any investigation having taken place.

Thereafter, on November 18th, Plaintiff Rivard was terminated for insubordination (i.e., selling Avon on company property, although "no sale had taken place, merely an inquiry to the administrator about a specific situation").

Finally, on January 5th, Plaintiff Ensey was "terminated without reason for suspension." He was given the choice between termination and resignation. "Final reason given was that other employees were afraid to approach [Plaintiff Ensey] regarding maintenance issues." Defendant Bays was supposed to call Plaintiff Ensey regarding the suspension but delegated the task to the receptionist to avoid answering Plaintiff Ensey's question regarding why he was suspended.

As relief, Plaintiffs seek investigation of Defendants "for unethical behavior resulting in great harm to good employees"; lost wages; investigation of HR Director Sabrina Langford "for soliciting false testimony to frivolously terminate good employees"; and compensatory damages.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Plaintiffs have failed to meet this burden.

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs fail to cite to any federal cause of action. Title VII of the Civil Rights Act prohibits employment discrimination but only on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). None of the Plaintiffs have alleged any

2

discrimination. Plaintiffs have, therefore, failed to demonstrate this Court's federal-question jurisdiction.

The diversity-of-citizenship statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . . " 28 U.S.C. § 1332. "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, by providing addresses in Louisville, Kentucky for all parties, Plaintiffs have failed to show that they or Defendants are citizens of a state other than Kentucky.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require [courts] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Since even a liberal reading of the complaint leads this Court to conclude that Plaintiffs have failed to establish this Court's jurisdiction, the Court will dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiffs, *pro se*
 Defendants
4412.005